IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lavondra Sussewell,<br>On behalf of N.S., a minor, [1]<br><br>Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Acting Commissioner<br>of Social Security Administration,<br><br>Defendant. | Civil Action No. 6:21-cv-02718-TMC<br><br>**ORDER** |

Plaintiff Lavondra Sussewell brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her denying her claim for child's supplemental security income ("SSI") on behalf of her daughter, N.S. (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (ECF No. 21). The Report recommends that the Commissioner's decision be affirmed. *Id.* at 34. The magistrate judge notified the parties of their right to file an objection to the Report. *Id*. at 36. The Report was mailed to Plaintiff at the address she provided the court, (ECF No. 22), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Neither party has filed objections to the Report, and the time to do so has long since expired.[2]

---

[1] N.S. reached the age of majority on January 9, 2018, after Plaintiff had initially filed for benefits. (ECF No. 21 at 1).

[2] Objections were due on May 17, 2022. Because Plaintiff was mailed a copy of the Report, she was allowed three additional days in which to file her objections, making her deadline May 20, 2022. Fed. R. Civ. P. 6(d).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a thorough and careful review of the record under the appropriate standards as set forth above, the court **ADOPTS** the Report of the magistrate judge (ECF No. 21), which is incorporated herein by reference. Accordingly, the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                          s/Timothy M. Cain  
                                                          Timothy M. Cain  
                                                          United States District Judge

Anderson, South Carolina  
December 2, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.